<hr/>

## JAMES BURBANK & Co. *v.* L. HAAS & Co. et al.

Where one by his words or conduct, wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is precluded from averring against the latter a different state of things as existing at the same time.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *E. D. Rand,* for plaintiffs and appellants. *Thomas L. Bayne,* curator *ad hoc,* for defendants and appellants. *M. M. Cohen,* for *J. Worms,* defendant.

BUCHANAN, J. This is a suit upon a promissory note made by *L. Haas & Co.,* at New York, June 21st, 1851, to their own order, endorsed in blank, and held by plaintiffs. The petition averred, that the firm of *L. Haas & Co.* was composed of *L. Haas, J. Hahn,* and *Isidore Worms,* who were all absent from the State. Under a writ of attachment and garnishment process, the Sheriff seized two acceptances held by *Godchaux freres,* as agents for *Isidore Worms;* which property was afterwards released on bond given by *Worms,* with security, according to Article 259 of the Code of Practice.

The suit is defended by *Worms* alone, who alleges that he is not, and never was, a member of the firm of *L. Haas & Co. ;* and that his property has been wrongfully attached for the debt of that firm.

On the trial, the plaintiffs offered proof of the signature of the note sued on,

by comparison of handwriting. That fact is made out to our satisfaction. Indeed, as against *Worms*, who has filed an answer and special plea in the cause, the signature is to be taken for confessed, he must be judged upon the plea which he has filed. That plea, as we have seen, is a denial of the allegation of the petition, that *Worms* was a partner in the firm of *L. Haas & Co.* It appears from the evidence that, at the date of the note sued upon, there were three firms simultaneous existing: *J. Worms & Co.*, at Panama; *John Hahn & Co.*, at San Francisco; and *L. Haas & Co.*, at New York. The evidence also shows, that this note was given in renewal or novation of a draft drawn by *J. Worms & Co.* on *L. Haas*, in favor of *John Hahn*, and by him endorsed in blank, accepted by *L. Haas*, through his agent *E. Schmidt*, and held by plaintiffs, at whose request it was protested at maturity. It is proved, that the consideration of the draft was a purchase of goods from plaintiffs, made by defendant, *Worms*, in person; and that *Worms* stated, at the time he gave the draft in settlement of said purchase, that the partners of the house of *Haas & Co.* were the same as those of *Worms & Co.* and *Hahn & Co.*

On the part of defendant, three witnesses have been offered to prove that *Worms* was not a partner of the concern of *Haas & Co.*; but their testimony is very loose and unsatisfactory, amounting at most to an expression of their belief on the subject. In connection with this evidence, however, the defendant has thought fit to adduce some documentary evidence, to wit, articles of dissolution of the firm of *Worms & Co.*, in Panama, and an account current, or rather memorandum of settlement of account between the firms of *Haas & Co.* and *Worms & Co.*, which furnish to our minds strong presumption of the identy of the partners in those firms, for which the plaintiffs contend. But had the defendant succeeded in making that certain, which in our view of the evidence is scarcely probable, to wit, that *Worms* was without interest in the firm of *Haas & Co.* he would not be relieved of his liability to plaintiffs. It is proved by a witness of plaintiffs, and this evidence is entirely uncontradicted, that when *Worms* made the purchase of goods of plaintiffs, which was the original cause of the obligation now sued on, he wished to pay in the note of *J. Worms & Co.*; but the witness, then book-keeper of plaintiffs, answered, " that he wished *all the parties* on the paper, and consequently a draft would be better, Mr. *Worms* then replied, that if witness preferred a draft, he could give it just as well, and that the parties were all concerned together in business—*L. Haas & Co.* in New Orleans; *John Hahn & Co.*, in San Francisco; and *J. Worms & Co.*, in Panama; and Mr. *Worms* brought the draft which is in evidence, and signed the said draft in witness' presence. After the draft was protested, the witness told Mr. *Burbank*, that the parties to the draft were all the same, so that Mr. *Burbank* might take it to either of them for renewal or settlement. The draft was for the amount for which the goods were sold, and the note was also for the same amount. Mr. *Worms* told witness that the partners of the house of *Haas & Co.* were the same as those of *Worms & Co.* and *Hahn & Co.*; that it made no difference who signed the draft or how it was signed; and witness' communication to *Burbank*, on the subject, was derived entirely from the statement of *Worms.*"

From this evidence, it is plain, that the plaintiffs have been induced into a change of an obligation subscribed by *Worms* himself, and by two other individuals, for another obligation, to which there was only one party subscribing, and in which *Worms'* name does not appear, by the representations of *Worms*

<div style="float:left">BURBANK<br>v.<br>HAAS.</div>

himself, who was moreover the party with whom plaintiffs originally contract-
ed. If, then, it be true that *Worms* was not interested in the firm of *Haas &
Co.*, he has deceived the plaintiffs by a false statement, from which he assuredly
can derive no advantage. The principle of law is well settled, that where one,
by his words or conduct, wilfully causes another to believe in the existence of
a certain state of things, and induces him to act on that belief, so as to alter his
own previous position, the former is precluded from averring against the latter,
a different state of things as existing at the same time. *Pickard* v. *Sears*, 6th
Adolphus & Ellis, 474. Story on Equity, § 385, in notes. *McMasters* v. *At-
chafalaya Bank Commissioners*, 1st An. 12. *Blanchard* v. *Allain*, 5th An. 868.

It is therefore adjudged and decreed, that the judgment of the District Court
be reversed, and that plaintiffs recover of *John Marks*, curator of *Isidore
Worms*, the sum of fifteen hundred and sixty-seven dollars and sixty-two cents,
with legal interest from the 27th December, 1851, and costs of both courts,
and with privilege upon the property attached in this suit.