### SELIGMAN v. THRIFFILY

---

(November 2, 1926.  Opinion and Decree.)
(November 29, 1926.  Rehearing Refused.)
(January 4, 1927.  Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court.)*

1. **Louisiana . Digest—Pleading—Par. 40; Bills and Notes—Par. 45, 225.**
Special defenses must be specially pleaded. Defendant, who, when sued on a note, admits his signature, and makes the special defense that the note was without consideration, will not be permitted, over objection of counsel, to prove the consideration of the note to have been a gambling transaction.

Appeal from Civil District Court, Division "E". Hon. E. K. Skinner, Judge.

Action by Jerome H. Seligman against Paul J. Thriffily.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Feitel & Feitel, H. N. Polmer, of New Orleans, attorneys for plaintiff, appellant.

A. B. Booth, of New Orleans, attorney for defendant, appellee.

## OPINION.

WESTERFIELD, J.     This is a suit on three promissory notes aggregating $1693.87. Defendant admitted his signature to the notes and specially pleaded that the notes were without consideration; that "the said notes were signed and executed as a mere matter of accommodation for H. Botnick; that at the time of the signing and executing of said notes and delivering them to the said Botnick your respondent was not indebted to the said Botnick for any sum whatever nor did he receive from the said Botnick any consideration whatsoever for said notes".

It is further pleaded that plaintiff knew the notes were given Botnick without consideration as an accommodation.

There was judgment for defendant, and plaintiff has appealed.

On the trial of the case it was established that plaintiff was the holder in due course for value before maturity, he having paid $1500.00 for the notes, which were originally issued to Botnick. When demand, on plaintiff's behalf, was made, through his counsel, new notes, the ones sued on, were issued.

The defense of accommodation maker seems to have been abandoned, as it seems to us it should have been, Sec. 29 Negotiable Instrument Act.     Defendant presented considerable testimony tending to show that the notes were given to Botnick, who sold them to plaintiff, in settlement of a bet, or bets, on a horse race. In other words a gambling transaction, reprobated by law with which courts will have nothing to do. It was on this ground that the judge a quo decided the issue in defendant's favor.     This question is at least debatable in view of R. C. C., Art. 2982, but we think the evidence, which was admitted over the objection of counsel, should have been excluded, for the reason that such defense was made in the answer.     The rule of procedure, to the effect that special defenses must be specially pleaded applies.     Templemen Bros. Lumber Co. vs. Sinnott, 9 Orl. App. 305. "One who files a special plea is to be judged on that plea and none other. All else is admitted." Burbank vs. Haas, 9 La. Ann. 528.

The purpose of the rule is to prevent surprise and to give notice to opposing litigants of the issues to be considered on the trial of the case. It is based upon principles of the soundest equity. We are referred to Byrnes vs. Hibernia National Bank, 31 La. Ann. 81, from which the following quotation is made:

"The matters of defense that must be specially pleaded are those set up in evidence or extinguishment of an obligation, admitted or proved to have existed.

"Under the plea of general issue, the defendant may prove any fact or circumstance which tends to show the non-existence of falsity of the facts alleged by plaintiff."

Assuming that the plea of the general issue is not, in view of Act 157 of 1912 and amendments, requiring articulate pleadings, now obsolete, we fail to see any-

thing helpful to defendant in the cited case, or in the last paragraph of the quotation which is evidently relied on. There is no denial of the existence of the notes sued on or the allegation of their falsity, but an admission of their reality and this case is squarely within the rule as stated in the first paragraph of the quotation, the attempted defense, designed to extinguish an obligation admitted to have once existed.

We conclude that the Court, a qua, erred in admitting this evidence and that since the defense set up in the pleadings, is not now, nor can it reasonably be, insisted on, the case is with plaintiff.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that the judgment in favor of plaintiff, Jerome H. Seligman, and against defendant, Paul J. Thriffily, in the full sum of $1695.87 with 8 per cent per annum interest thereon from November 24, 1922, until paid with 10 per cent as attorney's fees.